UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TROY AUSTIN POSTON,           ) | |
| ) | Civil Action Number: |
| Plaintiff,           ) | |
| ) | FLSA Action |
| v.           ) | Jury Trial Demanded |
| ) | |
| ORIGINAL 7, INC. a Georgia Corporation, ) | |
| and BRYAN CHAMBERLAND, an           ) | |
| individual           ) | |
| ) | |
| Defendants.           ) | |

## FLSA COMPLAINT

COMES NOW Plaintiff Troy Austin Poston by and through his undersigned counsel, and files this lawsuit against Defendants Original 7, Inc. ("Original 7") and Bryan Chamberland ("Chamberland") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1.  The instant action arises from Defendants' violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended, which have deprived him of his lawful hourly wages and specifically the provisions of the FLSA found at

§ 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his overtime wages.

2. Defendants employed Plaintiff originally as a helper and then as a Service Technician providing repair and other services on the swimming pools of Defendants' residential and commercial customers.

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by assumedly illegally classifying Plaintiff as an exempt employee and failing to compensate Plaintiff for all hours worked and at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

4. This action is brought to recover unpaid hourly wages, overtime compensation, and lost wages owed to Plaintiff due to Defendants' unlawful failure to compensate Plaintiff for all hours worked in excess of 40 hours in a given workweek at the legally appropriate overtime rate.

5. Pursuant to the FLSA, Plaintiff also seeks, liquidated damages, attorneys' fees and costs and any other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia pursuant to 29 U.S.C. § 1391 (b) (1) and (2) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are located in this District and are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff resides in this District.

9. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, although Defendants illegally treated him assumedly as an exempt employee.

10. Plaintiff is further covered by §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendants.

11. During the time relevant to this action, Plaintiff was an employee of Defendants who was engaged in commerce or in the production of goods for commerce.

12. Defendant Original 7 is a corporation formed under the laws of the State of Georgia and provides its clients with repair and renovations to their swimming pools.

13. Upon information and belief, Defendant Chamberland is a Tech Team Manager employed by Original 7 who managed and supervised Poston for a portion of the time that Poston was employed by Defendants.

14. Defendants conduct business within Georgia, and this District, and in the states of Florida, Alabama, Tennessee and South Carolina.

15. Defendants maintained either actual or constructive control, oversight and direction of Defendants' office(s), including the employment and pay and other practices of the operation.

16. Defendant Original 7 is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, CGA Technology Counsel of Allen, P.C. at 1000 Johnson Ferry Road, Suite A-125, Marietta, Georgia, 30068.

17. Defendant Chamberland is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 849 Pickens Industrial Drive, Suite 1, Marietta, Georgia 30062.

18. At all times material to this action, Defendant Original 7, was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA and had an annual gross volume of sales which exceeded $500,000.

19. At all times material to this action, Defendant Original 7, was an

"employer" of Plaintiff, as defined by § 203(d) of the FLSA.

20. Upon information and belief, at all times material to this action, Defendant Chamberland was an "employer" of Poston, as defined by § 203(d) of the FLSA.

21. Upon information and belief, Poston was engaged in interstate commerce while employed by Defendants.

22. The FLSA applies to Defendants.

## FACTUAL ALLEGATIONS

23. From approximately March 2015 until approximately August 14, 2018, Defendants employed Plaintiff out of their location at 849 Pickens Industrial Drive, Suite 1, Marietta, Georgia 30062.

24. Defendants initially compensated Poston on an hourly basis when he first was employed as a helper.

25. From approximately October 2015 until his employment was terminated Defendants employed Poston as a salaried employee.

26. Poston received several pay increases during this time until he was last being paid on an annual salary basis of approximately $51, 187.

27. Poston was paid twice per month.

28. Poston was paid for the first thru the 15th of each month and then for from the 16th until the last day of each month.

29. Poston regularly worked in excess of forty hours for every 7 days of continuous employment.

30. Poston was not paid in excess of his apportioned salary regardless of how many hours he worked over 40 in any continuous 7 days of employment.

31. As a Service Technician, Poston was assigned an Original 7 truck in order to travel to his daily assigned job sites.

32. Poston travelled at various times throughout the state of Georgia and also to job sites in the states of Florida, Alabama, Tennessee and South Carolina.

33. At all times relevant to this action, Poston's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

34. At all times relevant to this action, Poston did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

35. At all times relevant to this action, Poston was a non-exempt, salaried employee for purposes of wages and overtime compensation, except possible a early on period of time relevant to this action when he was employed as a helper, and paid at an hourly rate but was not compensated at a rate of 1 ½ times his hourly rate for all hours over 40 which he worked.

36. At relevant times to this action, Poston was regularly required to work "off the clock" for no compensation whatsoever when he was required to work beyond his agreed 40 hours per week.

37. At all times relevant to this action, Defendants did not compensate Poston for time worked in excess of 40 hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

38. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA as defined by § 203(d) of the FLSA with respect to Poston when he was an hourly employee, nor when he was a salaried employee.

39. Defendants failed to meet the requirements for paying Poston at a rate at which Poston was legally required to be paid under the compensation requirements of the FLS under 29 U.S.C. §§ 203, 206, and 207.

44. Defendants are liable to Poston for compensation for any and all time worked beyond 40 hours per week and for any and all time worked in excess of 40

hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA 29 U.S.C. §§ 203, 206.

45. By reason of the said intentional, willful and unlawful acts of Defendants, Poston has suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Poston is entitled to liquidated damages.

47. Poston has retained the undersigned counsel to represent him in this action and pursuant 29 U.S.C. § 216(b). Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

48. Plaintiff demands a jury trial.

## COUNT ONE
### (FLSA – Unpaid Wages & Overtime)

49. Poston repeats and incorporates by reference all above paragraphs.

50. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations by failing to properly compensate Poston in an amount required by law.

51. As a result of Defendants' violations of the FLSA, Poston has suffered damages by failing to receive any wages for hours over 40 per week in an amount required by law.

52. Defendants have not made a good faith effort to comply with the FLSA

12

with respect to its owed wages and overtime compensation of Plaintiff.

53. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of unpaid wages and overtime compensation in amounts required by law in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Poston prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, overtime compensation and an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees and costs of this *action; and*

C. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 17th day of August, 2018.

MARTIN AND MARTIN, LLP

By:  /s/*Thomas F. Martin*
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com

        Georgia Bar No. 473410
        Thomas F. Martin
        tfmartinlaw@msn.com
        Georgia Bar No. 482595
        MARTIN & MARTIN, LLP
        Post Office Box  1070
        Tucker, Georgia 30085-1070
        (770) 344-7267